UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALFONZO G COLLINS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GOODENOUGH, LIGHT, J WATSON,<br><br>　　　　　　Defendants. | CASE NO. 3:18-CV-05762-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: April 26, 2019 |

    This matter comes before the Court *sua sponte* in light of Defendants' "Statement Noting a Party's Death" ("Statement Noting Death"). *See* Dkt. 16. After granting Plaintiff Alfonzo G. Collins' application to proceed *in forma pauperis*, the Court directed service of Plaintiff's Second Amended Complaint on December 7, 2018. Dkt. 12. On December 14, 2018, staff at Stafford Creek Corrections Center, where Plaintiff had been housed, informed the Court that Plaintiff passed away on December 11, 2018. Dkt. 13. On January 4, 2019, counsel for Defendants entered an appearance and electronically filed the Statement Noting Death. *See* Dkt. 15, 16. On January 29, 2019, Defendants filed a Declaration of Attempted Service and supporting exhibits, indicating a service processer made several attempts to serve Plaintiff's

REPORT AND RECOMMENDATION - 1

brother and wife at their last known addresses, but each attempt was unsuccessful. *See* Dkt. 17; *see also* Dkt. 16, p. 2 (Certificate of Service).

Pursuant to Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." However, if a motion to substitute "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). To trigger the 90-day period, a party must: (1) formally suggest the death of the party on the record, and (2) serve the suggestion of death on the other parties and nonparty successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). A party may be served with the suggestion of death by service on his or her attorney as provided for in Rule 5, and non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided in Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232-34.

Here, defense counsel made several attempts to serve the Statement Noting Death. *See* Dkt. 17. As counsel was unsuccessful, it is reasonable to deem the 90-day period triggered as of January 4, 2019 – the date defense counsel electronically filed the Statement Noting the Death. The 90-day period has now elapsed and no motion for substitution has been filed. Accordingly, the undersigned recommends this action be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April
2 | 26, 2019, as noted in the caption.
3 |     Dated this 11th day of April, 2019.

*[signature]*

David W. Christel
United States Magistrate Judge